IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  3:09cv452-TMH |
| | ) | |
| UNITED STATES APPEALS COURT, | ) | |
| EASTERN DIVISION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

On May 19, 2009, Plaintiff Gene Coggins ("Coggins"), a frequent *pro se* litigant in this Court, brought suit against the United States Court of Appeals, Eastern Division, as well as all "Judges and Clerks that have been involved in any case that [Coggins] ha[s] presented to this Court."[1]  (Doc. # 1, Compl. at 1).  With the complaint, Coggins filed a motion for leave to proceed *in forma pauperis* (doc. # 2).  For the purpose of this Recommendation, the Court assumes, *without deciding*, that Coggins satisfies the economic eligibility criterion for proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).

Coggins alleges that the named defendants denied him due process of law, improperly curtailed his right to utilize the courts, erroneously dismissed prior complaints, refused to serve other complaints, and violated his constitutional rights.  According to Coggins, the judges of the Court of Appeals and of this court have behaved in an improper and corrupt

---

[1]  The court records demonstrate that Coggins has filed fifty lawsuits in this Court since 1992. Seven were filed between 1992 and 2000, four were filed between 2004 and 2006, and 39 were filed between 2007 and 2009.

fashion and have mishandled his prior cases.  Coggins contends that he has been attempting

to use the Courts to seek a remedy for the violation of his civil rights under the United States

Constitution, but that the Court and its judges and clerks have fraudulently violated his rights

by how they have handled these other cases.  He seeks over three million dollars in damages

from the named defendants.  He does not seek declaratory or injunctive relief.

## DISCUSSION

Upon review of the complaint filed in this case, the Court concludes that dismissal of

the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[2]

The statute provides, in pertinent part:

> [T]he court shall dismiss the case at any time if the court determines that  . . .
> the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on
> which relief may be granted; or (iii) seeks monetary relief against a defendant
> who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, Section 1915

> allows the district court to dismiss the complaint prior to service of process if
> it determines the complaint to be frivolous or malicious and spare the
> defendant the inconvenience and expense of answering a frivolous complaint.

*Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. 1981).[3]  *See also, Procup v. Strickland*, 760 F.2d

1107, 1114 (11th Cir. 1985).  A claim is legally frivolous when it lacks an arguable basis

either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may,

---

[2]  On July 8, 2009, Coggins filed a motion for default judgment (doc. # 3) prior to service of
process.  The motion is premature and therefore DENIED as MOOT.

[3]  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding
precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on
September 30, 1981.

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A fair reading of Coggins' complaint reveals that all of the defendant judges' actions that he complains about were judicial acts. Because the defendant judges are all sued for actions they took while acting in their judicial capacity, they are entitled to absolute immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all justification,'" *Bolton v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). *Accord, Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. Whether a judge's actions were made while acting in his or her judicial capacity depends on whether: (1) the act complained of constitutes a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his or her judicial capacity. *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

Coggins' allegations against the defendant judges all clearly implicate acts taken in their judicial capacity for which they are entitled to absolute judicial immunity. Without commenting on the merits or lack thereof of any of the numerous lawsuits filed by Coggins,

3

if a judge or clerk has erred in rulings or in official court actions, the path for challenging such rulings is an appeal to the appropriate appellate court.  The law does not subject a court, a judge or clerk to suit by unsuccessful litigants.  Thus, Coggins' dispute with the rulings of the defendant judges in other cases not state a cognizable federal claim.  His sole remedy for his dissatisfaction with the rulings of the defendant judges is to seek further relief in those cases by timely and properly pursuing an appeal of the rulings in the appropriate appellate court.  Because it is clear that Coggins cannot cure this pleading defect, his claims against the defendant judges must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as those claims are based on an indisputably meritless legal theory.  *See Neitzke*, 490 U.S. at 327.

To the extent that Coggins' complaint can be liberally read to raise a claim against the Clerks of the United States Court of Appeals, Eleventh Circuit, and the United States District Court for the Middle District of Alabama, claims against these defendants are due to be dismissed. Quasi-judicial immunity bars Coggins' claims against the Courts' Clerks.  Quasi-judicial immunity extends to those servants and agents who facilitate the judicial process. *See, e.g., Kipkirwa v. United States Dist. Ct. for the N. Dist. of Cal.*, 145 F.3d 1338 (9th Cir. 1998) (affirming dismissal of claims against federal judges and clerks on the grounds of absolute judicial immunity and quasi-judicial immunity);  *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2nd Cir. 1997) (extending judicial immunity to clerks of the court for tasks which are judicial in nature and an integral part of the judicial process or for administrative functions undertaken pursuant to explicit direction of a judicial officer or pursuant to established practice of the court); *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815

(10th Cir. 1981); *Awala v. Gold*, 2008 WL 540687, \*1-2 (S.D. Fla. Feb. 25, 2008 (No. 08-20248-CIV) (dismissing claims against Clerk of the Court, judges, and the federal district court itself pursuant to 28 U.S.C. § 1915(e)); *Hanner v. United States Gov't*., 660 F. Supp. 77, 78 (S.D. Miss. 1986) (recognizing that clerk has quasi-judicial immunity from suit); *Anderson v. United States of America*, 1990 WL 183514, \*1 (D.D.C. Nov. 13, 1990) (No. 90-2368-LFO) (dismissing claim against clerk of the court for failure to serve *in forma pauperis* complaint).  Thus, like the claims against the defendant judges, the claims against the Clerks of the United States Court of Appeals, Eleventh Circuit, and the United States District Court for the Middle District of Alabama are due to be dismissed because they are also frivolous and based on an indisputedly meritless legal theory.

Furthermore, any claims Coggins may have against the United States Court of Appeals, Eleventh Circuit, and the United States District Court for the Middle District of Alabama are frivolous and based on an indisputably meritless legal theory.  As a part of the government of the United States of America, the United States Court of Appeals, Eleventh Circuit, and the United States District Court for the Middle District of Alabama are entitled to sovereign immunity which bars suit absent an explicit waiver of that immunity.  *See, e.g., United States v. Shaw*, 309 U.S. 495, 500-01 (1940) (a suit against the United States or its agencies is barred by the doctrine of sovereign immunity unless the United States gives prior consent to suit).

Even if the Court were to construe the plaintiff's complaint as alleging a *Bivens*

action,[4] the action is meritless. A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 43 U.S. 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Because a *Bivens* cause of action may be brought only against federal defendants in their individual capacities, Coggins' claims against the United States Court of Appeals, Eleventh Circuit, and the United States District Court for the Middle District of Alabama are meritless. *See also, Accardi v. United States*, 435 F.2d 1239 (3rd Cir. 1970); *Fixel v. United States*, 737 F. Supp. 593, 598 (D. Nev. 1990) (dismissing as frivolous under § 1915 suit against federal district court), *aff'd* 930 F.2d 27 (9th Cir. 1991).

While Coggins complains about the fact that many of his prior cases have been dismissed by judges in this Court *sua sponte* prior to service, this practice is wholly consistent with federal law. As the Eleventh Circuit Court of Appeals recently explained, it is the recognized law of this circuit

> that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.*, 695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without

_____

[4] After calculating his damages at $50,700,000,000.00, Coggins references to *Bivens* asserting that "[t]his Total applies to all Defendants equally, that includes all Judges, as a claim for *Brivens* (sic) *action*, . . ." (Compl. at 7). *Bivens* is one of the few ways to bring suit against a federal actor that is not barred by the doctrine of sovereign immunity. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

arguable merit either in law or fact." *Bilal*, 51 F.3d at 1349.  In discussing
what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh
Circuit] also ha[s] held that "[a] district court may conclude a case has little or
no chance of success and dismiss the complaint before service of process when
it determines from the face of the complaint that the factual allegations are
'clearly baseless' or that the legal theories are 'indisputably meritless.'"
*Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, 2008 WL 67676 at *3 (11th Cir. Jan. 8, 2008) (No. 07-12754).  A district

court is not required to allow a clearly baseless action to proceed to allow a litigant to employ

"the legal system as a tool to intimidate and heckle those he imagines have done him wrong."

*Id*.

    As set out above, the Court concludes that all of Coggins' claims in this action: (1)

are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

monetary relief against a defendant who is immune from such relief.  Section 1915(e) not

only allows, *but expressly requires*, district courts to dismiss such accusations.  That federal

statute provides that a district court "shall" dismiss a complaint at any time if the court

determines that the action is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

    Thus, it is the RECOMMENDATION of the Magistrate Judge that, even assuming

*arguendo* that the motion for leave to proceed *in forma pauperis* (doc. # 2) is due to be

GRANTED to the extent that the plaintiff's complaint could be filed without prepayment of

fees, the plaintiff's complaint be DISMISSED prior to service of process pursuant to 28

U.S.C. § 1915(e)(2)(B)(i)-(iii).  It is further

    ORDERED that the parties shall file any objections to the said Recommendation on

or before **August 19, 2009.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of August, 2009.

                 /s/Charles S. Coody
                 CHARLES S. COODY
                 UNITED STATES MAGISTRATE JUDGE